UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. DENNIS, JR., and DONALD ROGERS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:21-cv-02213-MCE-DMC<br><br>**ORDER** |

Through the present action, Plaintiffs David A. Dennis, Jr. ("Dennis"), and Donald Rogers ("Rogers") (collectively, "Plaintiffs") seek to quiet title to real property that was seized by Defendant United States of America ("Defendant") in a criminal forfeiture proceeding. ECF No. 1 ("Compl."). According to the Complaint, Dennis gifted the subject property[1] to Rogers through a grant deed on April 30, 2016, and Rogers recorded the grant deed in Trinity County on May 24, 2016. Compl. ¶¶ 16–17. However, on December 8, 2016, "Defendant seized the Subject Property by way of an alleged interest in the Subject Property under a separate criminal plea agreement with Brian Schweder ('[Schweder]'), Case No.: 2:11-CR-00449-KJM." Id. ¶¶ 22–23. Plaintiffs allege that Schweder never held title or interest in the subject property, and that they

---

[1] "The Subject Property is located in Trinity County, California, commonly known as 13370 State Highway 3, Hayfork, CA 96041 . . ." Compl. ¶¶ 3 (stating the subject property consists of "two contiguous parcels of real property"), 10.

1

were not provided notice of the seizure.  See id. ¶¶ 24–30.  On July 1, 2021, Defendant posted a notice to vacate the subject property.  Id. ¶ 31.  Presently before the Court is Defendant's Motion to Dismiss, ECF No. 6, which seeks dismissal of the Complaint on grounds that because the subject property was seized through criminal forfeiture, "21 U.S.C. § 853(k)(2) bars any action at law or equity concerning the validity of Plaintiffs' asserted interest in the Subject Property."  Def.'s Mem. ISO Mot. Dismiss, ECF No. 6-1, at 7–8.

"The Federal Rules of Criminal Procedure and 21 U.S.C. § 853 provide the procedural framework for criminal forfeiture."  United States v. 101 Houseco, LLC, 22 F.4th 843, 847 (9th Cir. 2022) (citing 18 U.S.C. § 982(b)(1)).

> Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may—
>
> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k).  "A third party wishing to challenge a district court's criminal forfeiture order must do so in an ancillary proceeding under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c)."  101 Houseco, 22 F.4th at 847; see also United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property."); United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("Section 853(n) is the exclusive proceeding in which third parties may claim interests in property subject to criminal forfeiture.").[2]

---

[2] "Section 853(n) specifies procedures under which third parties may assert their interests in the forfeited property.  After the court enters the preliminary order of forfeiture as part of the defendant's sentence, the United States must publish notice of the order."  Nava, 404 F.3d at 1125 (citing 21 U.S.C. § 853(n)(1)).  "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication

Because Plaintiffs' Complaint challenges the seizure of the subject property through criminal forfeiture, specifically that Schweder held no interest or title in the subject property, Plaintiffs' only course of action is an ancillary proceeding under § 853(n) and not a quiet title action.  Plaintiffs' allegations that they were not provided notice does not change this result.  See Fed. R. Crim. P. 32.2(c) advisory committee notes to 2000 adoption ("In the rare event that a third party claims that he or she was not afforded adequate notice of a criminal forfeiture action, the person may file a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reopen the ancillary proceeding.").  Accordingly, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED without leave to amend.[3,4]  The Clerk of Court is directed to enter judgment in favor of Defendant and to close the case.

IT IS SO ORDERED.

DATED: September 27, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2).  "The petitioner may prevail only upon showing, by a preponderance of the evidence, that he possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place, or that he was a bona fide purchaser for value."  Nava, 404 F.3d at 1125 (citing 21 U.S.C. § 853(n)(6)).

[3] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

[4] Because the Court reached its decision solely based on the allegations in the Complaint, Defendant's Request for Judicial Notice, ECF No. 6-2, is DENIED as moot.